Dear Mr. Johnson:
This office is in receipt of your request for an opinion of the Attorney General pertaining to legal representation with regard to the Municipal Fire and Police Civil Service Law. You ask the following questions:
 1. Who represents the Civil Service Board as legal counsel in judicial proceedings;
 2. Who represents the appointing authority as legal counsel in judicial proceedings and at Civil Service Hearings;
 3. If, as stated above, the Civil Service Board calls upon the chief legal officer of the municipality as legal counsel, then who would represent the appointing authority as legal counsel; and
 4. Is it a conflict of interest for the Assistant City Attorney to represent the Civil Service Board, when that same Assistant City Attorney is legal advisor for the appointing authority.
In answer to your first general question, you recognize that R.S. 33:2506 provides for legal services if the civil service provisions or its enforcement by the Board are called into question in any judicial proceedings by stating "the board may call upon the attorney general, or the chief legal officer of the municipality or may employ independent counsel to represent it in sustaining this part and enforcing it". Based upon this provision this office has stated this gives the board discretion to choose among the attorney general, the chief legal officer of the municipality, or private counsel to enforce its lawful orders. Atty. Gen. Op. No. 93-527.
Please note that the Attorney General has recently declined to represent a municipal fire and police civil service board pursuant to a statute similar to R.S. 33:2506 because of the lack of personnel. (See: Attachment).
You ask who represents the appointing authority as legal counsel in judicial proceedings and at Civil Service Hearings, and we would have to conclude the chief legal officer of the municipality assuming there are local provisions for a city attorney and that no conflict of interest exists.
Because the Civil Service Board is given an option for legal representation which includes the chief legal officer of the municipality, you ask if the Board selects him as legal counsel, who would represent the appointing authority as legal counsel.
Inasmuch as the legislature has given the Board this option, we cannot say they must not make such a selection because the appointing authority is also involved in the litigation. However, it would seem that the chief legal officer must decline to represent the board if a professional conflict exists regarding his duties to represent the municipality. He is primarily responsible for representing the municipal governing authority.
In answer to your fourth question there is an obvious conflict of interest for the same Assistant City Attorney to represent the Civil Service Board at the same time he represents the appointing authority when they are in opposing positions or where the board is hearing any disciplinary matter. In such a situation it would appear that the board must employ independent legal counsel.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KENNETH C. DEJEAN ASSISTANT ATTORNEY GENERAL